[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16440
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 29, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00256-CR-J-25TEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE FERNANDO MARTINEZ-CACERES,
a.k.a. Javier Diaz Sanchez,
a.k.a. Jose Fernando Martinez-Caseras,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 29, 2010)

Before EDMONDSON, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Jose Fernando Martinez-Caceres appeals his sentence for illegal reentry into the United States following a previous deportation, in violation of 8 U.S.C. § 1326. On appeal, Martinez-Caceres contends that the district court erred by imposing an enhanced sentence based on a felony conviction that was not set forth in the charging information. He recognizes that *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) holds that a prior conviction is not an element of the offense under 8 U.S.C. § 1326(b), but he argues that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and subsequent cases have called the validity of *Almendarez-Torres* into question. He asserts that we should not apply *Almendarez-Torres* to the "distinguishable facts" of his case. For the reasons stated below, we affirm Martinez-Caceres's sentence.

We review constitutional issues *de novo*. *United States v. Steed*, 548 F.3d 961, 978 (11th Cir. 2008). In *Almendarez-Torres*, the Supreme Court explained that a prior conviction used to enhance a sentence under 8 U.S.C. § 1326(b)(2) is not an element of the offense, and, therefore, it need not be alleged in the indictment or found by a jury beyond a reasonable doubt. *Almendarez-Torres*, 523 U.S. at 226-27, 118 S.Ct. at 1222. Although *Apprendi* and subsequent decisions have cast doubt on the reasoning of *Almendarez-Torres,* we have

2

repeatedly explained that *Almendarez-Torres* remains binding precedent unless and until that case is expressly overruled by the Supreme Court. *Steed*, 548 F.3d at 979-80; *United States v. Greer*, 440 F.3d 1267, 1273-76 (11th Cir. 2006); *United States v. Gibson*, 434 F.3d 1234, 1246-47 (11th Cir. 2006).

Martinez-Caceres's argument that the district court erred by enhancing his sentence based on a prior conviction not charged in the information is foreclosed by *Almendarez-Torres*. *See Almendarez-Torres*, 523 U.S. at 226-27, 118 S.Ct. at 1222. As noted above, *Almendarez-Torres* remains binding precedent in this Circuit unless and until it is overruled by the Supreme Court. *See Steed*, 548 F.3d at 979-80; *Greer*, 440 F.3d at 1273-76; *Gibson*, 434 F.3d at 1246-47. Although Martinez-Caceres suggests that *Almendarez-Torres* is distinguishable, he does not point to any differences between that case and his own. *Almendarez-Torres* addressed the same legal question and the same statute that are at issue in this case. *See Almendarez-Torres*, 523 U.S. at 226-27, 118 S.Ct. at 1222. *Almendarez-Torres* is directly on point, and, under that decision, the district court did not err by imposing an enhanced sentence based on a conviction not alleged in the information. Accordingly, we affirm Martinez-Caceres's sentence.

**AFFIRMED.**

3